UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Civil Action No. 6: 09-7087-DCR |
| | ) | Criminal Action No. 6: 06-31-DCR |
| V. | ) | |
| | ) | |
| DARYL ATKINSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Petitioner/Defendant Daryl Atkinson's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 45]  Consistent with local practice, this matter was referred to United States Magistrate Judge Edward B. Atkins for consideration pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge filed his Report and Recommendation on October 8, 2010. [Record No. 53] Based on his review of the record and the applicable law governing the motion, the Magistrate Judge recommended that Atkinson's motion be denied.  Neither the Petitioner/Defendant nor the Respondent/Plaintiff have filed timely objections to the Magistrate Judge's Report and Recommendation.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual

or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation.

Atkinson knowingly and voluntarily waived his right to appeal and to collaterally attack his guilty plea and conviction. This includes a waiver of his claim of ineffective assistance of counsel where, as here, it does not relate to the validity of the plea itself. Further, Atkinson has failed to provide a basis for his claim that his attorney was ineffective for failing to move to withdraw the Defendant/Petitioner's guilty plea at the time of sentencing. Next, as the Magistrate Judge correctly noted, Atkinson has failed to demonstrate what downward departure motions should have been made by his attorney and he has not shown that any such failure prejudiced him in any way. He has also failed to demonstrate that his attorney was ineffective for failing to seek relief under Rule 35 of the Federal Rules of Criminal Procedure or under any retroactive application of the United States Sentencing Guidelines. With regard to this latter argument, the parties are directed to Record No. 39 in which the Court advised the parties that Atkinson did not qualify for such a reduction. Finally, Atkinson's claim of ineffective assistance of appellant counsel fails for the reasons identified by Magistrate Judge Atkins. Accordingly, it is hereby

**ORDERED** as follows:

1.     The Magistrate Judge's Report and Recommendation [Record No. 53] is **ADOPTED** and **INCORPORATED** by reference;

2.     The Petitioner/Defendant's motion [Record No.45] is **DENIED** and his claims are **DISMISSED** with prejudice;

3.     A Certificate of Appealability shall not issue because the Petitioner/Defendant has not made a substantial showing of the denial of any substantive constitutional right;

4.     Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent/Plaintiff.

This 27th day of October, 2010.

Signed By:

Danny C. Reeves    DCR

United States District Judge